# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| TIMOTHY EARL WILKERSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) 2:10-cv-02169-WMA-JEO |
| | ) |
| WARDEN GARY HETZELL and | ) |
| THE ATTORNEY GENERAL OF THE | ) |
| STATE OF ALABAMA, | ) |
| | ) |
| Respondents. | ) |

## MEMORANDUM OPINION

Timothy Earl Wilkerson seeks habeas corpus relief from this court concerning his conviction of capital murder in Jefferson County Circuit Court. *See* 28 U.S.C. § 2254. (Doc. 1).[1] The magistrate judge assigned this matter conducted a preliminary review and found that the petition is due to be denied. (Doc. 19). Wilkerson has filed objections to that determination.

The petitioner was convicted of capital murder in the death of Anthony White following a jury trial. (Ex. A at 7, 19, 25-26: Tr. 13).[2] He was sentenced on May 7, 2007, to life imprisonment without parole. (*Id*. at 8, 20). The conviction is premised on a violation of ALA. CODE § 13A-5-40(17).[3] In the present petition and amended petition, he asserts (1) that his trial counsel were

---

[1] References herein to "Doc. ___" are to the numbers assigned each document by the Clerk of the Court.

[2] References herein to "Ex. ___" are to the exhibits submitted by the respondents in their response at documents 10-1 to 10-39. The page references are to the original exhibit pagination and not the court's electronic numbers. References to "Tr. __" are to the trial transcript found at document 10-9 at 43 of 49 through document 10-15.

[3] The statute provides:

(a) The following are capital offenses:

...

ineffective in failing to object when his character witnesses were cross-examined about specific acts that had not been previously admitted into evidence and the pathologist was allowed to testify about the victim's toxicology; (2) his due process and equal protection rights were violated because the murder statute was unconstitutionally vague, insufficiently narrow, and "is being applied to his case in an arbitrary and capricious manner"; (3) his sentence is disproportionate and cruel and unusual punishment; and (4) the legislature did not intend for the murder statute to apply to the facts of his case. (Petition at 10-12[4] & Am. Pet.[5] at 1). After the magistrate judge found the claims to be without merit, the petitioner objected to the determinations related to the statute of conviction (ALA. CODE § 13A-5-40(17)). Specifically, he objects as follows:

1. The magistrate judge incorrectly found that the petitioner was challenging the conviction premised on the argument that the conviction was contrary to the intent of the Alabama legislature;

2. The statute of conviction was intended to apply to prosecutions of gang members in drive-by-shootings;

3. The legislative finding that this portion of the statute was intended to apply to gangs "was made law" in "*In re Corwin Russell*, No. 10-14551-F; *Fondren v. Allen*, [2012 WL 3627759] (N.D. Ala. Aug. 20, 2012)], and *Johnson v. Warden Hooks, et al.*, 03-cv-2913-IPJ";

4. The magistrate judge failed make a determination of whether the Court of Criminal Appeals decision was contrary to law or involved an unreasonable application of clearly established Supreme Court precedent or was an unreasonable determination of the facts in light of the evidence;

5. The magistrate judge's findings that "murder is not a Constitutionally

---

(17) Murder committed by or through the use of a deadly weapon while the victim is in a vehicle.

ALA. CODE § 13A-5-40(a)(17).

[4]The petition is located at document 1 in the file.

[5]The amended petition is found at document 14.

  protected activity" and that "[i]t is rational for the legislature to recognize 'killers whose victims are killed while in a vehicle as a separate class, and making that offense punishable by either life imprisonment or the death penalty constitute errors of law; and

6. The magistrate judge's determination that "the statute is constitutional and properly elevates the murder of a person in a vehicle through the use of a deadly weapon to a capital offense" constitutes an error in fact and law.

(Doc. 20 at 1-4). He also complains that his sentence is improper because his case was "never elevated to Capital murder because the murder was not committed under the aggravating circumstances required by [law]." (*Id.* at 5). Finally, he claims "that even if he is not entitled to relief on all his claims, his habeas corpus petition must be reviewed according to the substantive change in law" based on the decision of United States District Judge Inge P. Johnson in *Johnson v. Warden Hooks*, 03-cv-02913-IPJ and the decision in *Smith v. Ritter*, 811 F.2d 878 (11th Cir. 1998).[6] (*Id.*)

  The petitioner is entitled to no relief in this case. The underlying facts concerning the offense are clear. The petitioner had a disagreement with the victim, he then went to the trunk of his car, took out an S.K.S. rifle, ran to the passenger side of the victim's car and shot him in the head, liver and chest. The police were called and the petitioner left the scene. The police recovered the petitioner's vehicle and found the loaded S.K.S. rifle and a magazine clip with 32 live rounds. The petitioner asserted that the shooting was done in self defense. The jury rejected his defense and found him guilty. (R. 19 at 4-6).

  In his federal habeas petition, the petitioner challenges the murder statute under which he was convicted. The magistrate judge recommended the challenge be denied. He stated, in pertinent part,

---

[6]The correct cite appears to be *Smith v. Ritter*, 811 F.2d 1398 (11th Cir. 1987).

as follows:

>Wilkerson next challenges Alabama Code Section 13A-5-40(a)(17), which makes a murder committed by or through the use of a deadly weapon while the victim is in a vehicle a capital offense. ALA. CODE § 13A-5-40(a)(17). He asserts due process and equal protection challenges premised on the argument that the statute purportedly is (1) "unconstitutionally vague," (2) "insufficiently narrow," and (3) being applied to his case in an arbitrary and capricious manner. (Am. Pet. at 1-2). He also asserts that his sentence is disproportionate and cruel and unusual and that the legislature did not intend for the statute to apply to the facts of his case. (*Id*.) Wilkerson offers no facts or argument in support of his claims. (*Id*.) The respondents retort that he is entitled to no relief because he has not shown that the determinations of the Alabama Court of Criminal Appeals were contrary to, or an unreasonable application of, clearly established Federal law. (Doc. 17 at 2). This court agrees.
>
>These claims were presented on direct appeal. The Court of Criminal Appeals rejected each. That court deduced that Wilkerson's challenges that the statute was vague, overly broad, and not intended for facts such as those in his case were premised on the assertion that his conviction was contrary to the Alabama Legislature's intent that the statute apply only if the deadly weapon was fired or otherwise used within or from a vehicle. (Ex. E at 2-3). The court rejected this contention, noting that the cited legislative intent [– concerning gangs – ] applied to § 13A-5-40(a)(18) not (a)(17). (Ex. E at 3). It further held that this legislative resolution was "not law." (*Id*. at 4). Wilkerson offers nothing substantive to challenge the determination of the Court of Appeals. The prosecution, conviction, and sentencing of Wilkerson under this statute does not violate any law – state or federal.
>
>To the extent he asserts the statute is being applied in an arbitrary and capricious manner, he again offers no facts or law in support of this contention. The Court of Appeals held that the classification of the intentional murder of a person in a vehicle is not arbitrary or capricious for two reasons. First, "[m]urder is not a constitutionally protected activity." (Ex. E at 4). Second, it is rational for the legislature to recognize "killers whose victims are killed while in a vehicle as a separate class, and making that offense punishable by either life imprisonment or the death penalty." (*Id*.) These conclusions are neither contrary to nor an unreasonable application of clearly established Federal law. Wilkerson is entitled to no relief.
>
>Finally, the petitioner asserts the statute is unconstitutional because his sentence is disproportionate and cruel and unusual. (Doc. 14 at 1). This again is a conclusory claim. The Alabama Court of Criminal Appeals rejected this challenge, stating that "the statute is constitutional and properly elevates the murder of a person

>   in a vehicle through the use of a deadly weapon to a capital offense." (Ex. E at 5). This conclusion, again, is neither contrary to nor an unreasonable application of clearly established Federal law. *See* 28 U.S.C. § 2254(d). Wilkerson is entitled to no relief.

(R. 19 at 14-16). It is these determinations to which the petitioner objects. The court finds his objections are without merit.

The petitioner's claims in essence revolve around his contention that he was improperly convicted of capital murder for a crime not authorized under Alabama law. He is incorrect. As determined by the Alabama Court of Criminal Appeals, and noted by the magistrate judge, the Alabama State Legislature has clarified that Section 13A-5-40(18) of the murder statute, making it a capital offense to shoot a weapon within or from a vehicle, was intended to reach gang-related drive-by killings. (See Doc. 10-19 at 3 of 10; Doc. 19 at 14-16). However, that legislative resolution did not reference Section 13A-5-40(17) under which the petitioner was convicted. *See also Fondren*, 2012 WL 3627759, at *22, n.2. Additionally, the resolution, even if applicable to the statute underlying the petitioner's conviction – which it is not –, does not have the force and effect of law. *Id*. It does not preclude the prosecution of the petitioner for his actions. Finally, the cases cited by the petitioner are inapposite. His objections to the magistrate judge's findings and conclusion are without merit.

## CONCLUSION

Having carefully reviewed and considered de novo all the materials in the court file, including the magistrate judge's report and recommendation and the petitioner's objections thereto, the Court is of the opinion that the magistrate judge's findings are due to be and are hereby **ADOPTED** and his recommendation is **ACCEPTED**. The petitioner's objections are

**OVERRULED**. As a result, the petition for writ of habeas corpus is due to be denied and this action is due to **DISMISSED WITH PREJUDICE**. Furthermore, because the petition does not present issues that are debatable among jurists of reason, a certificate of appealability is also due to be **DENIED**. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000); Rule 11(a), RULES GOVERNING § 2254 PROCEEDINGS. A separate Final Judgment will be entered.

**DONE**, this the 30th day of September, 2014.

/s/ William M. Acker, Jr.
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE